***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 5, affirmed February 1, petition for review denied April 20, 2023 (371 Or 21)

In the Matter of C. F. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. M. H.,
*Appellant.*

Jackson County Circuit Court
21JU00024; A179123 (Control)

In the Matter of A. R. M. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. M. H.,
*Appellant.*

Jackson County Circuit Court
21JU00025; A179124

Timothy C. Gerking, Judge.

Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Alex Jones, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Mother appeals from a juvenile court judgment terminating her parental rights to her two children, A and C. She does not challenge the juvenile court's finding that she is unfit to be a custodial resource for the children, but she asserts that the Department of Human Services (DHS) failed to meet its burden of proof by clear and convincing evidence that termination of her parental rights is in the children's best interests, raising two assignments of error. On *de novo* review under ORS 419A.200(6) and ORS 19.415(3)(a), we conclude that DHS established by clear and convincing evidence that termination is in the best interests of A and C. Accordingly, we affirm.

Our review is *de novo* under ORS 419A.200(6) and ORS 19.415(3), which requires that we determine for ourselves whether the evidence is clear and convincing that mother's parental rights should be terminated. *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019). "[P]arental rights of the parents of a ward may be terminated *** only *** if the court finds it is in the best interest of the ward." ORS 419B.500(1). In making that determination, we focus solely on the needs of the child and consider the unique circumstances of each case. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 163, 166, 442 P3d 1100 (2019). The "best interests" of the child do not weigh in favor of adoption solely because a parent is found to be unfit. *Id*. at 161. But "[f]acts that demonstrate the parent's unfitness also may demonstrate that it is in the child's best interest that the parent have no further relationship with the child." *Id*. at 162. To terminate, we must conclude that "the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022).

In this case, the children are bonded to their foster family, who hope to adopt them. Mother argues that the children are bonded to her, due to her consistent visits with them during the pendency of this case. There is little evidence to support her argument. The testimony throughout

trial showed that mother's distractibility and failure to focus on the children did not allow them to bond with her. In addition, her distractibility created safety concerns for the children. Mother became enraged on several occasions during visits with the children, which led to A and C having to leave early and in tears; A and C were emotionally drained after visits; and mother did not divide her time between the children, so A and C received little individual attention during the visits leading up to trial.

Mother argues for a permanent guardianship with the foster parents rather than adoption, which she asserts would satisfy the children's need for permanency. Without going into great detail, we observe that mother has had an antagonistic relationship with the foster parents, which militates against a permanent guardianship. *See Dept. of Human Services v. J. S. E. S.*, 315 Or App 242, 245, 501 P3d 556 (2021), *rev den*, 369 Or 209 (2022) (holding that the relationship between the mother and foster parents made a permanent guardianship difficult to maintain because the "mother [was] not on good terms" with the foster parents, and the foster parents had "valid concerns that [the mother would] not respect their boundaries").

On this record, we agree with the trial court that a permanent guardianship is not appropriate under these circumstances and that termination of mother's parental rights was in the children's best interests.

Affirmed.